**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **DONGGUAN PUJI ELECTRONICS CO., LTD., AND WUHAN YOUYOU LUMING INFORMATION TECHNOLOGY CO., LTD.,** Plaintiffs, v. **DONGGUAN LIANGUANG ELECTRONICS TECHNOLOGY CO., LTD.** Defendant. | **Case No.: 1:26-cv-3308** **Judge** |

**COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT**

**NONINFRINGEMENT AND INVALIDITY**

Plaintiffs **Dongguan Puji Electronics Co., Ltd.** ("Puji") and **Wuhan Youyou Luming Information Technology Co., Ltd.** ("Luming") (collectively, "Plaintiffs"), by and through undersigned counsel, bring this action against Defendant **Dongguan Lianguang Electronics Technology Co., Ltd.** ("Defendant" or "DLE Tech") and allege as follows:

**NATURE OF THE ACTION**

1. This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, arising under the patent laws of the United States, 28 U.S.C. §§ 1331 and 1338(a).

2. Plaintiffs seek declarations that rechargeable battery products sold by Plaintiffs under the **PUJIMAX** brand, including the rechargeable battery products accused by Defendant in the 15023 Action and the same product line sold by Plaintiffs under the PUJIMAX brand, do not infringe U.S. Design Patent No. **D965,512** (the "'512 Patent") or U.S. Design Patent No. **D965,513** (the "'513 Patent") (collectively, the "Patents-in-Suit"), and that the Patents-in-Suit are invalid.

3. This action arises from Defendant's prior patent enforcement campaign in this District, which created a concrete and ongoing controversy concerning the PUJIMAX-branded rechargeable battery product line, but was terminated on jurisdictional grounds before any adjudication on the merits.

4. Defendant initiated that enforcement campaign by filing **Dongguan Lianguang Electronics Technology Co., Ltd. v. The Entities, Partnerships and Unincorporated Associations Identified on Schedule A**, No. **25-cv-15023** (N.D. Ill.) (the "15023 Action"), asserting the Patents-in-Suit against numerous online sellers allegedly offering rechargeable battery products for sale into Illinois. *See* No. 25-cv-15023 (N.D. Ill.), ECF Nos. 1, 25.

5. In the 15023 Action, Defendant did not limit its allegations to isolated defendants, but instead alleged that multiple Schedule A defendants were interconnected, relied on a common product source, and participated in a coordinated course of conduct involving **PUJIMAX**-branded rechargeable battery products.

6. Defendant specifically identified Plaintiff Luming as an accused seller, alleged that Luming sold PUJIMAX-branded products, and further alleged that such products were shipped into Illinois, including to Chicago.

7. Defendant's allegations and requested relief in the 15023 Action that multiple amended Schedule A defendants sold PUJIMAX-branded products under similar storefront names, used similar images and descriptions, and were part of the same series of transactions or occurrences. *See, e.g.,* No. 25-cv-15023 (N.D. Ill.), ECF No. 25 at p. 3; ECF No. 25-1 at p. 2. Thus, they have targeted not only individual storefronts, but the PUJIMAX-branded product line as a whole, including products sold and distributed by Puji and its authorized

resellers.

8. Defendant invoked this Court's jurisdiction based on those Illinois-directed allegations and sought injunctive and monetary relief, thereby placing Plaintiffs and the PUJIMAX product line under an immediate threat of patent enforcement in this forum.

9. Although Defendant did not list Puji itself on amended Schedule A, Defendant's accusations and requested relief in the 15023 Action expressly targeted the **PUJIMAX** product ecosystem, including products sold by Luming and other sellers of PUJIMAX-branded batteries.

10. Puji is the owner of the **PUJIMAX** brand and is itself a seller of PUJIMAX-branded rechargeable battery products. Puji also authorizes resellers, including Luming, to sell PUJIMAX-branded rechargeable battery product line accused by Defendant in the 15023 Action.

11. Luming sells PUJIMAX-branded rechargeable battery products, including the products accused by Defendant in the 15023 Action.

12. Luming's sales of the accused PUJIMAX-branded rechargeable batteries were authorized by Puji and were made from the same PUJIMAX product line sold by Puji itself.

13. Because Defendant has accused Luming's sale of PUJIMAX-branded products of infringing the Patents-in-Suit, and because Defendant's accusations and requested relief extend to the same PUJIMAX product line sold and distributed by Puji, Plaintiffs face ongoing and concrete legal and commercial uncertainty concerning the Patents-in-Suit.

14. Plaintiffs therefore seek declaratory relief to resolve this actual controversy.

## THE PARTIES

15. Plaintiff Dongguan Puji Electronics Co., Ltd. is a company organized under the laws of

the People's Republic of China, with its principal place of business in Dongguan, Guangdong, China.

16. Puji owns the **PUJIMAX** brand, including U.S. registered trademarks Nos. 7023711 and 7930126, and sells rechargeable battery products under that brand, including through e-commerce platforms and through authorized resellers.

17. Plaintiff **Wuhan Youyou Luming Information Technology Co., Ltd.** is a company organized under the laws of the People's Republic of China, with its principal place of business in Wuhan, Hubei, China.

18. Luming sells rechargeable battery products under the **PUJIMAX** brand through online storefronts, including the storefront that Defendant identified in the 15023 Action as **"PUJIMAX Home Local."**

19. Defendant **Dongguan Lianguang Electronics Technology Co., Ltd.** is, on information and belief, a company organized under the laws of the People's Republic of China

20. In the 15023 Action, Defendant identified its address as Floor 4, 3rd Building, No. 30, Wangjiao Road Hengtang Village, Tangxia Town, Dongguan City, Guangdong Province, China. On information and belief, Defendant's current registered business address, as listed in China's National Enterprise Credit Information Publicity System, is "广东省东莞市常平镇京九路251号5栋505室" (Room 505, Building 5, No. 251 Jingjiu Road, Changping Town, Dongguan City, Guangdong Province, China).

21. On information and belief, Defendant claims ownership of the '512 Patent and the '513 Patent and has asserted those patents against sellers of PUJIMAX-branded products, including Luming, and has publicly targeted the broader PUJIMAX product line.

**JURISDICTION AND VENUE**

22. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 2201–2202 because this action arises under the patent laws of the United States and seeks declaratory relief concerning the Patents-in-Suit.

23. An actual case or controversy exists between Plaintiffs and Defendant regarding whether Plaintiffs' PUJIMAX-branded products infringe the Patents-in-Suit and whether the Patents-in-Suit are valid.

24. As to Luming, the controversy is immediate and concrete because Defendant previously sued Luming in the 15023 Action as an amended Schedule A defendant, identified Luming by name and storefront in the amended Schedule A on the top line (See No. 25-cv-15023 (N.D. Ill.), ECF No. 25-1, p. 3), and accused Luming's PUJIMAX-branded products of infringing the Patents-in-Suit.

25. As to Puji, the controversy is immediate and concrete because:

a. Defendant's 15023 allegations expressly targeted the PUJIMAX brand and product line;

b. Defendant alleged that the amended Schedule A defendants all sold PUJIMAX-branded products and appeared to rely on a common manufacturer and common sales ecosystem;

c. Puji is the owner and seller of that same PUJIMAX product line and authorizes resellers, including Luming, to sell it; and

d. Defendant previously consented to Puji's intervention in the 15023 Action before that case was dismissed, thereby confirming that Defendant recognized Puji as a directly affected stakeholder.

26. Defendant's accusations against Luming necessarily create a real and immediate

controversy as to Puji as well, because Puji owns, sells, and authorizes the sale of the same PUJIMAX-branded product line that Defendant accused in the 15023 Action.

27. Plaintiffs' claims arise from the same nucleus of operative facts as Defendant's prior enforcement conduct in the 15023 Action, including Defendant's allegations that PUJIMAX-branded products infringed the Patents-in-Suit and were sold and shipped into Illinois. This declaratory judgment action is therefore not based on hypothetical or attenuated disputes, but on the same concrete enforcement activity Defendant previously directed at this forum.

28. This Court has personal jurisdiction over Defendant because Plaintiffs' claims arise out of and relate to Defendant's deliberate, forum-directed patent enforcement activities in this District.

29. Defendant purposefully directed its patent enforcement activities to this District by filing and prosecuting the 15023 Action in this Court, asserting the Patents-in-Suit, and seeking coercive relief under those patents against entities alleged to have sold accused products into Illinois. See 25-cv-15023, ECF No. 1; ECF No. 25.

30. In the 15023 Action, Defendant specifically alleged that Luming—identified as "**Wuhanyouyoulumingxinxijishu Co., Ltd.**" doing business as "**PUJIMAX Home Local**"—sold and shipped accused products into Illinois, including a shipment to Chicago in response to a Temu purchase order. *See* No. 25-cv-15023 (N.D. Ill.), ECF No. 25-1 at p. 2, p. 3, ECF No. 26 at p. 3.

31. Defendant further alleged that multiple Schedule A defendants sold PUJIMAX-branded products through interconnected storefronts, relied on a common product source, and engaged in a coordinated course of conduct involving the same accused product line. *See*

No. 25-cv-15023 (N.D. Ill.), ECF Nos. 25, 26.

32. Defendant reaffirmed these Illinois-directed infringement allegations in its response to this Court's order to show cause in the 15023 Action, and relied on those allegations to establish personal jurisdiction and to justify the exercise of this Court's authority over those defendants. *See* No. 25-cv-15023 (N.D. Ill.), ECF No. 26.

33. Defendant's enforcement conduct in this District was not limited to abstract assertions of patent rights, but instead constituted a concrete, forum-directed enforcement campaign targeting the PUJIMAX-branded product line, including products sold by Luming and the same product line sold and distributed by Puji.

34. Plaintiffs' claims in this action arise directly out of and relate to that forum-directed enforcement conduct, because this action seeks declaratory relief regarding the same Patents-in-Suit, the same accused product line, and the same alleged acts of infringement that Defendant previously asserted in this District.

35. Having invoked this Court's jurisdiction to assert the Patents-in-Suit, alleged Illinois-directed sales, and sought injunctive and monetary relief based on those allegations, Defendant could reasonably foresee being required to defend declaratory judgment claims in this same forum arising from that enforcement conduct.

36. The exercise of personal jurisdiction over Defendant in this action therefore comports with due process and traditional notions of fair play and substantial justice.

37. Personal jurisdiction over Defendant is also proper under the Illinois long-arm statute, 735 ILCS 5/2-209, because Defendant transacted business in Illinois by purposefully invoking this Court's jurisdiction to enforce the Patents-in-Suit against alleged Illinois-directed sales and shipments.

38. Illinois' long-arm statute extends to the full extent permitted by the Due Process Clause, and Defendant's forum-directed patent enforcement activities satisfy those constitutional requirements.

39. Under these circumstances, where Defendant selected this District as the forum for enforcing the Patents-in-Suit against the PUJIMAX product line and affirmatively alleged Illinois-directed infringement, it would be neither unfair nor unreasonable to require Defendant to litigate in this forum a declaratory judgment action arising from that same enforcement conduct.

40. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1391(c)(3), including because Defendant is not resident in any judicial district in the United States and previously chose this District to enforce the same patents against the same PUJIMAX-branded product line.

**FACTUAL ALLEGATIONS**

41. Defendant filed the 15023 Action in this District asserting the '512 Patent and the '513 Patent against entities identified on Schedule A.

42. The Patents-in-Suit are directed to rechargeable battery designs.

43. In the 15023 Action, Defendant alleged that amended Schedule A defendants offered for sale and sold products that infringed the Patents-in-Suit and that those defendants sold **PUJIMAX**-branded batteries.

44. Defendant further alleged that many of those defendants had similar names, used similar storefront names and imagery, and appeared to be interconnected.

45. Defendant specifically identified Luming as amended Schedule A Defendant 1 under the transliterated name "**Wuhanyouyoulumingxinxijishu Co., Ltd.**", doing business as

**"PUJIMAX Home Local."** *See* No. 25-cv-15023 (N.D. Ill.), ECF No. 25-1 at p. 2, p. 3.

46. Defendant alleged that Luming shipped the accused products identified on amended Schedule A to Chicago, Illinois. Defendant's allegations in the 15023 Action were not incidental or generalized, but were expressly directed to alleged sales and shipments into Illinois, and were advanced for the purpose of invoking this Court's authority to adjudicate infringement and to impose coercive relief on that basis. Defendant's jurisdictional allegations in the 15023 Action were central to its effort to maintain that action in this District and were not peripheral or incidental to its claims for relief.

47. In the 15023 Action, Puji appeared and sought to protect its interests by filing an appearance and responsive pleading in the 15023 Action because Defendant's allegations and requested relief targeted the PUJIMAX-branded product line that Puji owns, sells, and licenses to resellers.

48. Defendant took the position in the 15023 Action that Puji itself was not named on amended Schedule A, but Defendant did not disclaim the contention that PUJIMAX-branded products sold by Luming and other PUJIMAX sellers infringed the Patents-in-Suit.

49. On March 12, 2026, the Court *sua sponte* dismissed the 15023 Action without prejudice on jurisdictional grounds before any adjudication of the merits of Defendant's infringement allegations or the validity of the Patents-in-Suit. See No. 25-cv-15023 (N.D. Ill.), ECF No. 27.

50. That dismissal did not resolve, and did not purport to resolve, the underlying dispute created by Defendant's enforcement conduct, including Defendant's allegations that PUJIMAX-branded products infringe the Patents-in-Suit.

51. Through its filing and prosecution of the 15023 Action, Defendant affirmatively created

a real and immediate controversy by accusing PUJIMAX-branded products of infringement and by seeking coercive relief based on alleged Illinois-directed sales.

52. After invoking this Court's jurisdiction and placing Plaintiffs' product line at issue, Defendant has neither disavowed its infringement allegations nor provided any covenant not to sue Plaintiffs or their authorized resellers.

53. As a result, Plaintiffs remain subject to ongoing legal and commercial uncertainty regarding Defendant's enforcement of the Patents-in-Suit, including the risk that Defendant may refile similar claims or pursue enforcement actions concerning the same product line.

54. Allowing Defendant to initiate an enforcement action in this District based on Illinois-directed allegations, and then avoid adjudication of the resulting controversy while preserving the ability to reassert the same claims, would leave Plaintiffs without a meaningful avenue to resolve the dispute created by Defendant's own conduct.

55. Defendant has not provided Plaintiffs with any covenant not to sue covering Plaintiffs' existing and planned PUJIMAX-branded rechargeable battery products.

56. Defendant has not disavowed future enforcement of the Patents-in-Suit against Plaintiffs, Plaintiffs' resellers, or the PUJIMAX product line, and has not provided any covenant not to sue.

57. Absent declaratory relief, Plaintiffs remain under a cloud of legal uncertainty concerning whether Defendant will again sue Plaintiffs, Plaintiffs' resellers, or other entities in the PUJIMAX distribution chain based on the Patents-in-Suit.

58. The Accused PUJIMAX Products, including the products sold through Luming's "PUJIMAX Home Local" storefront that Defendant previously targeted in the 15023

Action and the same PUJIMAX-branded product line sold by Puji, do not infringe the '512 Patent or the '513 Patent. For the avoidance of doubt, Plaintiffs seek declaratory relief only as to the specific products identified above and their materially identical configurations, and do not seek an abstract ruling untethered to concrete products.

59. On information and belief, the Patents-in-Suit are invalid, including because substantially similar rechargeable battery designs were publicly available and/or disclosed in prior art before the asserted April 1, 2021 filing date.

60. Prior-art references include, among others, Chinese design patents and public commercial products that predate the April 1, 2021 filing date of the Patents-in-Suit, including the illustrative prior-art references identified below.

61. The overall visual impression of the asserted designs was disclosed in prior art and/or would have been obvious to an ordinary designer in view of prior art. By way of example and without limitation, prior-art references that predate the asserted filing date and disclose substantially the same overall visual impression include the following illustrative references, among others that Plaintiffs may identify pursuant to the Federal Rules of Civil Procedure and the Court's Local Patent Rules:

a. Chinese design patent CN304380199S (Application No. 201730314459.3), issued on December 1, 2017 (the "'199 Patent"). *See* No. 25-cv-15023 (N.D. Ill.), ECF No. 11-1;

b. Chinese design patent CN304689263S (Application No. 201730575193.8), issued on June 19, 2018 (the "'263 Patent"). *See* No. 25-cv-15023 (N.D. Ill.), ECF No. 11-2;

c. "BUMP" rechargeable batteries—Amazon listing ASIN B07NTXYFBV, first available on Amazon on or around February 16, 2019. *See* No. 25-cv-15023 (N.D. Ill.), ECF No. 11-3; and

d. "paleblue" rechargeable batteries—Amazon listing ASIN B0876FTMSN, first available on Amazon on or around March 26, 2020. *See* No. 25-cv-15023 (N.D. Ill.), ECF No. 11-4.

62. For purposes of this Complaint, the "Accused PUJIMAX Products" means the PUJIMAX-branded rechargeable battery products that Defendant identified or targeted in the 15023 Action, including the products sold through Luming's "PUJIMAX Home Local" storefront.

63. The Accused PUJIMAX Products further include the same corresponding PUJIMAX-branded product models sold by Puji and/or sold by Luming with Puji's authorization, including materially identical listings, packaging, and product configurations from that same product line.

64. Representative examples of the Accused PUJIMAX Products are identified in Exhibit A, which is provided for product-identification purposes and without limiting Plaintiffs' right to address the full scope of Defendant's prior accusations and the same materially identical product models at issue. *See* **No. 25-cv-15023 (N.D. Ill.), ECF Nos. 25-1, 25-3;** *see also* **Ex. A.**

65. The following comparisons provide illustrative examples of the substantial similarity in overall visual impression between the Patents-in-Suit and selected prior-art references.

| The '513 Patent | The '199 Patent | "BUMP" rechargeable batteries |
|---|---|---|
| | | |
| The '512 Patent | The '263 Patent | "paleblue" rechargeable batteries |
| | | |

66. The Patents-in-Suit are further invalid and/or substantially limited because the claimed

designs are dictated in whole or in material part by functional considerations rather than ornamentation. Rechargeable AA/AAA batteries are subject to significant functional and compatibility constraints, including a standardized cylindrical body sized to fit conventional battery compartments, a tipped positive terminal and corresponding flat negative terminal, and a charging-port configuration dictated by charging functionality and prevailing connector formats. To the extent the asserted designs reflect these functional constraints, rather than ornamental choices, the designs are not entitled to design-patent protection except, if at all, as to any truly ornamental aspects not dictated by function.

67. By way of example, the overall cylindrical AA/AAA form factor, terminal configuration, and charging-port placement and geometry are driven by the article's utilitarian purpose and compatibility with existing devices and charging methods. Any differences in charging-port shape, including changes associated with the industry transition from Micro-USB to USB-C, reflect routine functional adaptation to prevailing connector standards rather than protectable ornamental innovation.

68. Plaintiffs therefore seek declaratory relief to resolve the concrete controversy created by Defendant's prior enforcement conduct, to eliminate the ongoing uncertainty surrounding the PUJIMAX-branded product line, and to prevent repeated or duplicative enforcement efforts concerning the same patents and accused products.

69. Plaintiffs reserve the right to supplement these allegations consistent with the Federal Rules of Civil Procedure, the Court's orders, and the Court's Local Patent Rules.

**ADDITIONAL ALLEGATIONS REGARDING OWNERSHIP, ASSIGNMENT, AND RELIEF**

70. On information and belief, Defendant currently claims ownership of the Patents-in-Suit.

71. Plaintiffs are informed and believe, and on that basis allege, that Defendant may attempt to assign, transfer, license, or otherwise encumber one or both Patents-in-Suit in response to this action or in an effort to evade adjudication of Plaintiffs' claims.

72. On information and belief, no covenant not to sue, disclaimer, or recorded assignment has eliminated the live controversy between the parties as of the filing of this action.

73. Any post-filing transfer of interest in the Patents-in-Suit should not defeat this Court's jurisdiction over the controversy already existing at the time this action is filed.

74. Plaintiffs therefore seek relief against Defendant and, to the extent applicable under law, any successor, assign, transferee, exclusive licensee, or other person holding substantial rights from Defendant concerning the Patents-in-Suit, and further seek prompt disclosure of any assignment, transfer, exclusive license, or other transfer of any substantial rights in the Patents-in-Suit occurring after the filing of this action.

75. Plaintiffs further reserve the right to seek joinder, substitution, or other appropriate relief under FRCP Rule 25(c) or otherwise as to any successor or transferee of interests in the Patents-in-Suit.

## COUNT I

## DECLARATORY JUDGMENT OF NONINFRINGEMENT

### (28 U.S.C. §§ 2201–2202)

76. Plaintiffs reallege Paragraphs 1 through 75 as if fully set forth herein.

77. Defendant has accused Luming's PUJIMAX-branded products of infringing the Patents-in-Suit and has targeted the broader PUJIMAX-branded product line sold by Luming and sold and distributed by Puji.

78. An actual, immediate, and justiciable controversy exists between Plaintiffs and Defendant as to whether Plaintiffs' PUJIMAX-branded rechargeable battery products, including the products accused in the 15023 Action, the same PUJIMAX-branded product line sold by Puji, and materially identical or immaterially varied versions of those same products, infringe the '512 Patent and/or the '513 Patent.

79. Plaintiffs have not infringed and do not infringe any valid and enforceable claim of the '512 Patent or the '513 Patent.

80. Plaintiffs are entitled to a declaration that Plaintiffs' accused products do not infringe the Patents-in-Suit.

## COUNT II

## DECLARATORY JUDGMENT OF PATENT INVALIDITY

**(28 U.S.C. §§ 2201–2202; 35 U.S.C. §§ 102, 103, and other applicable provisions)**

81. Plaintiffs reallege Paragraphs 1 through 80 as if fully set forth herein.

82. An actual, immediate, and justiciable controversy exists between Plaintiffs and Defendant as to whether the Accused PUJIMAX Products – namely, the PUJIMAX-branded rechargeable battery products previously accused or targeted by Defendant in the 15023 Action and the same corresponding product models sold by Puji and Luming – infringe the '512 Patent and the '513 Patent.

83. The Patents-in-Suit are invalid for failure to satisfy one or more requirements of patentability under the Patent Act and governing design-patent principles, including, without limitation, anticipation, obviousness, and lack of protectable ornamentality to the extent the claimed designs are dictated by function.

84. By way of example and without limitation, the Patents-in-Suit are invalid because the

claimed designs were anticipated by and/or obvious in view of prior art that predated the asserted filing date, including rechargeable battery designs publicly disclosed in Chinese patent publications and public commercial sales before the asserted April 1, 2021 filing date.

85. Plaintiffs are entitled to a declaration that the '512 Patent and the '513 Patent are invalid.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendant as follows:

A. Declaring that the Accused PUJIMAX Products, including the products accused or targeted in the 15023 Action and materially identical or immaterially varied versions of those same products, do not infringe U.S. Design Patent No. D965,512 or U.S. Design Patent No. D965,513;

B. Declaring that U.S. Design Patent No. D965,512 and U.S. Design Patent No. D965,513 are invalid;

C. Ordering Defendant to promptly notify Plaintiffs and the Court of any assignment, transfer, exclusive license, or other transfer of any substantial rights in either of the Patents-in-Suit occurring after the filing of this action;

D. Granting such further relief as may be necessary to join, substitute, or otherwise address any successor, assignee, transferee, or exclusive licensee of Defendant holding substantial rights with respect to the Patents-in-Suit, including relief under Rule 25(c) as appropriate;

E. Awarding Plaintiffs their costs and, where permitted by law, attorneys' fees;

F. Granting such other and further relief as the Court deems just and proper.

DATED: March 25, 2026

Respectfully submitted,

/s/ Ziqi Yu

Ziqi Yu (NDIL Federal Bar No. 346236)

procollider@pm.me

5794 Bird Rd Unit 554

Miami, FL 33155

Telephone: (415) 519-5274

/s/ Meng Li

Sapiens Law, PC.

meng@sapiens.law

11400 Airport Rd., Ste. 200

Everett, WA 98204

Counsel for Plaintiffs

Dongguan Puji Electronics Co., Ltd.

and

Wuhan Youyou Luming

Information Technology Co., Ltd.