**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **DONGGUAN PUJI ELECTRONICS CO., LTD.,** and **WUHAN YOUYOU LUMING INFORMATION TECHNOLOGY CO., LTD.,** <br><br> Plaintiffs, <br><br> v. <br><br> **DONGGUAN LIANGUANG ELECTRONICS TECHNOLOGY CO., LTD.,** <br><br> Defendant. | Case No. 1:26-cv-03308 <br><br> Hon. April M. Perry <br> United States District Judge <br><br> Hon. Gabriel A. Fuentes <br> United States Magistrate Judge |

**PLAINTIFFS' SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION**

Plaintiffs Dongguan Puji Electronics Co., Ltd. and Wuhan Youyou Luming Information Technology Co., Ltd. respectfully submit this proposed surreply, filed as Exhibit A to and concurrently with their Motion for Leave, addressed solely to matters raised for the first time in Defendant's Reply (ECF No. 16): the newly executed Covenant and Supplemental Declaration (ECF Nos. 16-1, 16-2), and the treatment of collateral fee jurisdiction under 35 U.S.C. § 285.

**I. Plaintiffs Have Not Had an Opportunity to Test the Newly Submitted Declaration and Covenant.**

The Supplemental Declaration of Zhibing Liao and the replacement Covenant on which DLE Tech's Reply relies were both executed on July 9, 2026, the day the Reply was filed—after Plaintiffs' Opposition and without any opportunity for Plaintiffs to test them. Reply (ECF No. 16) at 1–2; Supp. Liao Decl. (ECF No. 16-2) ¶¶ 7–9.

1 / 3

Plaintiffs' request for limited jurisdictional discovery, set out in their Opposition (ECF No. 12 at 11–12), remains preserved should the Court determine that resolution of the Motion turns on disputed facts not resolvable on the present papers.

## II. Dismissal for Mootness Would Not Extinguish the Court's Collateral Jurisdiction Over a Forthcoming Motion for Attorney's Fees Under 35 U.S.C. § 285.

DLE Tech's own Reply confirms that mootness of the merits does not deprive the Court of collateral authority to consider a properly filed motion for fees. Reply (ECF No. 16) at 8 ("DLE Tech does not contend that mootness of the merits necessarily deprives the Court of all collateral authority to consider a properly filed motion under 35 U.S.C. § 285") (citing Monsanto Co. v. Bayer Bioscience N.V., 514 F.3d 1229, 1242–43 (Fed. Cir. 2008); Highway Equipment Co. v. FECO, Ltd., 469 F.3d 1027, 1032–33 & n.1 (Fed. Cir. 2006)).

Plaintiffs agree that any such fee motion may be resolved separately from, and after, resolution of the jurisdictional question. Plaintiffs raise the point now only to note, consistent with the authority DLE Tech itself has cited, that dismissal for lack of subject-matter jurisdiction would not extinguish that collateral authority. Plaintiffs will address the form of any dismissal order, including preservation of that authority, at the appropriate time.

## III. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court consider the matters set out above in resolving the pending Motion to Dismiss, and that resolution of the Motion not be read to extinguish the Court's collateral authority to consider a forthcoming motion for attorney's fees under 35 U.S.C. § 285.

Dated: July 9, 2026
Respectfully submitted,

**/s/ Ziqi Yu**
Ziqi Yu (NDIL Federal Bar No. 346236)
procollider@pm.me
5794 Bird Rd Unit 554
Miami, FL 33155
Tel: (415) 519-5274

**/s/ Meng Li**
Meng Li
meng@sapiens.law
11400 Airport Rd., Ste. 200
Everett, WA 98204

Counsel for Plaintiffs
Dongguan Puji Electronics Co., Ltd. and
Wuhan Youyou Luming Information Technology Co., Ltd.